JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Charles McCuller, appeals the order of the Cuyahoga County Common Pleas Court that classified him as a sexual predator. For the reasons that follow, we affirm.
 {¶ 2} In the predecessor to this case, State v. McCuller, Cuyahoga App. No. 79879, 2002-Ohio-2254, we reversed the trial court's order classifying appellant as a sexual predator and remanded for a new classification hearing after determining that the record failed to contain any evidence that the trial court considered the factors necessary to support such a classification as required under R.C.2950.09(B)(2). The trial court thereafter conducted a second classification hearing and heard the testimony of (1) Jennifer Shrock, a sex offender specialist with the Ohio Adult Parole Authority; (2) George Schmedlen, Ph.D., the social director of the Court Psychiatric Clinic; and (3) appellant.
 {¶ 3} Ms. Shrock testified that appellant was found guilty by the Rules Infractions Board for sexually assaulting his cell mate in 1982. She further testified that appellant had been paroled five times during the course of his imprisonment, only to be returned each of those times for violating the terms of his parole. According to her testimony, two of those parole violations involved allegations of sexual misconduct although each parole violation was listed as a technical violation. The first occurred in November 1988 and alleged improper sexual contact. The second, according to Ms. Shrock's testimony, occurred in March 1992 and, although there was no allegation of any improper sexual contact, statements were made by appellant's girlfriend[1] to the effect that appellant assaulted her after she refused to have sex with him.
 {¶ 4} Dr. Schmedlen testified that he interviewed appellant and administered a battery of psychological tests specific to the sexual offender population. One such test, the Static 99,[2] yielded a score of six, a score which correlates with a 52% probability of reoffending within 15 years. Nonetheless, Dr. Schmedlen could not render an opinion within a reasonable degree of psychological certainty that appellant would reoffend in the future but qualified this answer by testifying that he could not render such an opinion for any sexual offender.
 {¶ 5} Appellant testified on his own behalf and basically denied the events that occurred both in prison and those that occurred during periods of release. Appellant similarly challenged his original convictions as being incorrect. In particular, appellant claimed that all of his sexual encounters were either consensual or did not occur as alleged. The trial court thereafter classified appellant as a sexual predator.
 {¶ 6} Appellant is now before this court and challenges this classification. Succinctly, appellant claims that the evidence was insufficient to find that he was likely to reoffend and that the trial court failed to adequately consider or state on the record the factors necessary to classify him as a sexual predator.
 {¶ 7} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before classifying an offender a sexual predator, the court must find by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. R.C.2950.09(B)(3).
 {¶ 8} "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, citing Cross v. Ledford (1954),161 Ohio St. 469, 477.
 {¶ 9} In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citingFord v. Osborne (1887), 45 Ohio St. 1, paragraph two of the syllabus. In making a determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2). These factors include:
 {¶ 10} "(a) The offender's age;
 {¶ 11} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 14} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender;
 {¶ 17} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." Id.
 {¶ 20} When considering these statutory factors, a trial court is to "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. State v. Thompson (2001), 92 Ohio St.3d 584, 588, quotingState v. Eppinger, 91 Ohio St.3d at 166. Nonetheless, the trial court is not required to "tally up or list the statutory factors in any particular fashion." See State v. Clayton, Cuyahoga App. No. 81976, 2003-Ohio-3375, at ¶ 27.
 {¶ 21} In classifying appellant as a sexual predator, the trial court stated:
 {¶ 22} "[Appellant] was charged with rape and attempted rape with three different victims in 1979, for which he was sentenced to 14 — 14 to 50 years in a state institution. After serving eight years he was paroled, but returned on five separate occasions for repeat parole violations, which include[d] drug and alcohol use, nonreporting and, most recently, for a domestic violence misdemeanor conviction in nineteen — in, rather, 2001.
 {¶ 23} "The Court finds further that [appellant] was found guilty of a rules infraction in July of 1982 after a cell mate accused him of sexually assaulting him and threatening to kill him by slitting his throat with a razor blade if he, that is, the victim, reported it.
 {¶ 24} "[Appellant] admitted to having sexual — consensual sex on four occasions with his cell mate. He admitted hitting him once and threatening his life.
 {¶ 25} "In 1988 [appellant] was arrested for attempted rape after allegedly threatening the victim with a knife. He is alleged to have threatened to kill her later if she were to press charges.
 {¶ 26} "A detailed review of State's Exhibits 4, 6 and 7 demonstrate not only a pattern of abuse but of particular cruelty.
 {¶ 27} "Finally, at hearing Dr. Schmedlin testified that, when he received all the information on [appellant], a static 99 analysis suggested a 52 percent actuarial probability that [appellant] would reoffend within 15 years.
 {¶ 28} "For these reasons, [appellant] is found to be a sexual predator."
 {¶ 29} Comparing the court's findings with the factors under R.C.2950.09(C), it appears that the court relied on factors (b), (d), (f), (h), (i) and (j). The court emphasized appellant's prior criminal record and that he displayed cruelty to the victim during the course of the offense. As for additional behavior characteristics under subsection (j), the court considered significant the fact that appellant was (1) under investigation for sexually assaulting his cell mate and threatening his life; and (2) was arrested for attempted rape during one release where he threatened the victim with a knife.
 {¶ 30} Consequently, and contrary to appellant's arguments, the trial court did place on the record which factors it found relevant to its decision to classify appellant as a sexual predator. What remains to be determined, however, is if there existed clear and convincing evidence that appellant is likely to reoffend in the future so as to justify the sexual predator classification. We find that such evidence did exist.
 {¶ 31} Consideration of the factors enumerated in R.C. 2950.09(B)(2) provides "consistency in the reasoning process" by serving as a guide to the trial court in determining the likelihood that an offender will reoffend in the future. See State v. Thompson, 92 Ohio St.3d at 587.
 {¶ 32} "[D]etermining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case. Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor." Id. at 588.
 {¶ 33} A trial court, however, is not limited to consideration of these factors alone but is required to "consider all relevant factors." Id.; see, also, R.C. 2950.09(B)(2). These "factors" are merely a nonexhaustive list of examples that a court must consider in a sexual predator hearing. A trial court, therefore, is free to consider evidence other than that which would support the factors listed in R.C.2950.09(B)(2) if he or she believes it is relevant to determining recidivism. Thompson, 92 Ohio St.3d at 588; see, also, R.C.2950.09(B)(2)(j).
 {¶ 34} In concluding that appellant was a sexual predator, which by definition means that he is likely to reoffend, the court considered relevant appellant's behavior while imprisoned as well as his conduct during his periods of release. While imprisoned, appellant was investigated for sexually assaulting his cell mate. Appellant claims the sexual encounters were consensual although he did admit to hitting and threatening to kill this cell mate.
 {¶ 35} In November 1988 during a period of release, it was alleged that appellant "attempted to have sexual contact with [the victim] without her consent." According to the parole officer's report,[3]
appellant apparently showed up at the home of the victim asking to go to the bathroom. When he returned from the bathroom, his pants were unzipped and he stated to the victim, "my dick is hard, I want some pussy." When the victim asked appellant to leave, appellant took a knife from the kitchen and, grabbing the victim by the throat, said, "I told you I want some pussy." Appellant thereafter attempted to disrobe the victim and was only thwarted when her children arrived home. The victim then fled to a neighbor's and called the police, leaving appellant in her home. Once she saw that appellant had left, she returned and awaited the police. In the interim, appellant returned to the victim's home with what appeared to be a gun and threatened to shoot her. The police arrived and appellant fled only to be apprehended soon thereafter. When arrested, appellant was hostile and stated that he would return and kill the victim.
 {¶ 36} Despite "being clear on the point of the knife and assault and further [appellant's] attempt to force her to have sex against her will," the parole officer noted that the victim did not want to "push for criminal charges."It appears from the parole officer's report that the victim's father worked in the family business owned by appellant's father and may have been under pressure to act in the manner in which she did. Nonetheless, the parole officer requested appellant's "swift return [to prison] to protect the community from further acts which could result in a continuation of rape and assault."[4]
 {¶ 37} Appellant attempts to discount his parole violations as being merely technical violations that are not sexual in nature. It is true that, despite the 1988 incident discussed above, appellant is listed as a "technical parole violator" in most of the reports issued by the Adult Parole Authority. As such, appellant attempts to portray himself as someone unlikely to commit sexually oriented offenses in the future. Under the mandate of Thompson, however, the trial court is not confined to considering the classification of appellant's conduct by the Adult Parole Authority but is to consider "all relevant factors," including any "additional behavioral characteristics that contribute to the offender's conduct." See R.C. 2950.09(B)(2)(j). In this regard, the conduct that gave rise to the parole violation, even though substantiated by the parole officer but not listed as anything other than a technical violation, can be considered by the trial court in determining whether an offender is to be classified as a sexual predator.
 {¶ 38} Appellant's conduct in and out of prison indicates that he is a person who uses violence or the threat of violence to achieve sexual gratification, which is similar to the conduct he exhibited that resulted in his present convictions. Combine that conduct with his recent conviction for domestic violence and the egregiousness of the original offenses, the trial court had before it clear and convincing evidence that appellant is likely to reoffend in the future thereby justifying his classification as a sexual predator.
 {¶ 39} Appellant's assignments of error are not well taken and are overruled.
PATRICIA A. BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR
[1] Appellant refers to this girlfriend as his common-law wife.
[2] According to Dr. Schmedlen's testimony, the Static 99, as its name implies, takes into account static factors in an offender's background that have been actuarially or statistically correlated to the "likelihood of future sexual recidivism."
[3] The parties stipulated to the admission of these records.
[4] In August 2001, appellant, again during a period of release, was arrested and pleaded guilty to domestic violence and criminal damaging.